IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sheila Wright-Raby, Plaintiff, | ) | C.A. No. 4:18-cv-03474-DCC-KDW |
| v. | ) | REPORT AND RECOMMENDATION |
| Dundee Manor, LLC, Defendant. | ) | |

Plaintiff Sheila Wright-Raby, ("Wright-Raby" or "Plaintiff"), filed this employment action against her former employer, Dundee Manor, LLC ("Dundee Manor" or "Defendant"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Compl., ECF No. 1. This matter is now before the court on Defendant's Partial Motion to Dismiss, ECF No. 7, in which it seeks Rule 12(b)(6) dismissal of Plaintiff's Title VII cause of action. Plaintiff has responded to the Motion, ECF No. 12, and this matter is ripe for consideration.[1] Having considered the parties' filings and applicable law, the undersigned recommends Defendant's Partial Motion to Dismiss, ECF No. 7, be denied.

I. Relevant Facts

Construed in the light most favorable to Plaintiff, the nonmoving party, Plaintiff's Complaint sets out the following allegations and claims:

---

[1] . This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Because the motion to dismiss is dispositive, this Report and Recommendation ("R&R") is entered for the district judge's consideration.

Plaintiff, a 71-year-old female, was hired to work as the Nursing Home Administrator in Bennettsville, South Carolina in April 2013. Compl. ¶¶ 6-8. During Plaintiff's tenure, she alleges she performed her job, received merit increases, and was never disciplined. Compl. ¶¶ 13-16. On December 20, 2017, Defendant supervisor, Joe Lee, "told her that management had made the decision to replace her[,]" and she was "forced [] to sign a letter of resignation on December 20, 2017." Compl. ¶¶ 10,12. Plaintiff was replaced by a "substantially younger, male employee who began work the day after Defendant told Plaintiff she was being replaced and had to resign." Compl. ¶ 17. Plaintiff alleges no explanation was given to Plaintiff for asking her to resign. Compl. ¶ 19. She asserts Defendant had "no legitimate good faith reason for separating Plaintiff from employment," and "but for her age and gender" she would not have been terminated. Compl. ¶¶ 18, 20.

In 2017, Defendant's managers sent a memo expressing their belief that "to grow, and flourish as a viable and significant company it need[ed] the energy and strength of new, younger leadership." Compl. ¶¶ 21, 22. On or around the same time the memo was sent, Defendant's managers allegedly forced two female employees who were over the age of 40 to resign from employment. Compl. ¶¶ 21, 22. Plaintiff avers that, Defendant's managers had instructed Plaintiff's supervisor to terminate Plaintiff's employment but that he had declined to follow the directive and resigned. Compl. ¶¶ 22, 23.

In the Title VII cause of action at issue, Plaintiff alleges she was "forced to resign because Defendant's managers preferred younger female employees or male employees in supervisory positions. Compl. ¶ 38. Plaintiff alleges her job performance was comparable to the performance of similarly situated male employees, but similarly situated male employees were not forced to resign and, in some circumstances, were provided better benefits than Plaintiff. Compl. ¶ 39.

Plaintiff alleges she was replaced by a younger, male employee who had fewer or similar qualifications as Plaintiff and who began work immediately after Plaintiff was separated from employment with Defendant. Compl. ¶¶ 17, 41.

II. Standard of review

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. *Id.* The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *Kolon Indus.*, 637 F.3d at 440 (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation

omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). At bottom, the court is mindful that a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Coleman v. Md. Ct. of Apps.,* 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

## III. Analysis

Defendant first argues Rule 12(b)(6) dismissal of Plaintiff's Title VII gender discrimination cause of action is appropriate because in one paragraph of the Complaint Plaintiff averred that "Defendant's managers preferred younger female employees or male employees in supervisory positions." Compl. ¶ 38; *see* Def. Mem. 4-5. Defendant further alleges Plaintiff has failed to plead a plausible claim of gender discrimination because she has provided no details regarding comparators who allegedly were treated more favorably than her, despite alleging her "performance was comparable to the performance of "similarly situated male employees who were not forced to resign and, in some circumstances were provided better benefits than Plaintiff." Compl. ¶ 39; *see* Def. Mem. 5-6. In response, Plaintiff submits that her Complaint as a whole includes more than sufficient allegations from which a plausible claim of gender discrimination could be inferred and that she need not plead detailed information about potential comparators because she has alleged she was replaced by a younger male employee. Pl. Mem. 3-6.

The undersigned agrees with Plaintiff that, considering her Complaint as a whole, she has set out a plausible claim of gender discrimination that should survive Rule 12(b)(6) scrutiny. As an initial matter, in considering Defendant's Motion, the court is mindful that, while Plaintiff must present factual allegations that are facially plausible, at this juncture, however, Plaintiff need not establish all elements of a prima facie case. *See McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (finding district court improperly analyzed Rule 12(b)(6) challenge to Title VII termination claim using prima facie framework, but finding grant of motion appropriate for failure to meet "plausibility" standard). "[T]he prima facie case . . . is an evidentiary standard, not a pleading requirement, that may require demonstrating more elements than are otherwise required to state a claim for relief"; therefore, "requiring a plaintiff to plead a prima facie case would amount to a heightened pleading standard." *Id.* at 584 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12) (2002) (internal citations and quotation marks omitted).[2]

---

[2] As the court has noted,

> Before *McCleary-Evans*, there was an obvious tension between Supreme Court and Fourth Circuit caselaw regarding the pleading requirements in employment discrimination cases. A plaintiff alleging employment discrimination claims within the Fourth Circuit was expected to plead facts sufficient to establish the elements of a prima facie case. Because the Fourth Circuit "continu[ed] to apply a heightened pleading standard after *Swierkiewicz*, [it was] at odds with the Supreme Court's clear pronouncement that all elements of a prima facie case need not be supported with factual pleadings in order to survive a motion to dismiss." *Cockerham v. Stokes Cty. Bd. of Ed.*, 302 F. Supp. 2d 490, 495 (M.D.N.C. 2004). However, the Fourth Circuit Court of Appeals has since made clear that it will follow the *Swierkiewicz* standard, and, accordingly, plaintiffs alleging employment discrimination claims are no longer required to establish a prima facie case to survive a motion to dismiss. *McCleary-Evans*, 780 F.3d at 585.

*Ballew v. United Parcel Serv. Inc.*, No. 618CV00059DCCJDA, 2018 WL 5074603, at *4 (D.S.C. Aug. 20, 2018), *report and recommendation adopted,* No. 6:18-CV-00059-DCC, 2018 WL 5043887 (D.S.C. Oct. 17, 2018).

Although Plaintiff need not establish a prima facie case of gender discrimination to survive the motion to dismiss, the prima facie factors can be instructive in determining whether Plaintiff has set out a plausible claim. To state a prima facie case of Title VII discrimination based on disparate treatment, Plaintiff must set out facts showing: (1) she is a member of a protected class; (2) she was performing satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment. *Coleman v. Md. Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010). A Title VII plaintiff "[is] not required as a matter of law to point to a similarly situated comparator in order to prevail on a discrimination claim." *Hurst v. D.C.*, 681 F. App'x 186, 191 n.5 (4th Cir. 2017) (citing *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003)). In any event, the fourth prong of the prima facie case "may also be satisfied by demonstrating the position at issue was filled by someone outside the protected class or there is 'some other evidence sufficient to give rise to an inference of unlawful discrimination.'" *Ellis v. Harrelson Nissan of S.C., LLC*, No. 0:15-CV-3322-MBS, 2017 WL 4349212, at *9 (D.S.C. Sept. 29, 2017) (quoting *Petrosyan v. Delfin Grp. U.S.A., LLC*, No. 2:13-CV-2990-PMD, 2015 WL 685266, at *6 (D.S.C. Feb. 18, 2015) (citations omitted)).

As Defendant correctly notes, Plaintiff is required to "allege facts from 'which one could reasonably infer' that . . . 'persons not in the protected class were treated more favorably.'" Def. Mem. 4 (quoting *Wise v. INVISTA S.A.R.L.*, Civil Action No. 3:17-cv-1354, 2017 WL 9275298 *4 (D.S.C. Aug. 31, 2017) report and recommendation adopted, No. 3:17-cv-01354, 2018 WL 525475 (D.S.C. Jan. 23, 2018)). Focusing solely on paragraph 38 of the Complaint, Defendant submits dismissal is required because, in that paragraph, Plaintiff alleges that "'Defendant's managers preferred younger *female employees* or male employees in supervisory positions.'" Def. Mem. 4. (quoting Compl. ¶ 38) (emphasis supplied by Defendant)). Defendant parenthetically cites

*Reardon v. International Paper Co.*, C.A. No. 2:13-cv-02708, 2014 WL 2612496, at *4 (D.S.C. June 9, 2014), in support of this argument and submits that Plaintiff's allegation that those of her own protected class—female—were treated more favorably is fatal to her gender-based claim. Def. Mem. 4-5.

In response, Plaintiff points to other portions of her Complaint in support of her argument that she has set forth facts from which a plausible claim of gender discrimination can be inferred:

> 17. Defendant replaced Plaintiff with a substantially younger, male employee who began work the day after Defendant told Plaintiff she was being replaced and had to resign.
>
> 21. Several months before Defendant's decision to replace Plaintiff, Plaintiff learned that Defendant's managers had forced a 58 year old female executive to resign and believed "to grow, and flourish as a viable and significant company it need[ed] the energy and strength of new, younger leadership."
>
> 22. Shortly after Defendant's managers sent the memo about acquiring "new, younger leadership," Defendant's managers forced a female Corporate Nurse Consultant RN who was over the age of sixty (60) to resign and instructed Plaintiff's current supervisor to terminate Plaintiff (without giving any reason as to why Plaintiff should be terminated).
>
> 39. Plaintiff's performance was comparable to the performance of similarly situated male employees, but similarly situated male employees were not forced to resign and, in some circumstances, were provided better benefits than Plaintiff.
> 41. Upon information and belief, Plaintiff was replaced with a younger, male employee with fewer or similar qualifications as Plaintiff.

Compl. ¶¶ 17, 21, 22, 39, 41; *see* Pl. Mem. 3-4.

Plaintiff submits that these allegations support a reasonable inference that she was discriminated against because of her gender. She argues that her acknowledgement that her employer preferred supervisors who were either younger females or males does not "contradict or nullify" the other facts in her Complaint. Pl. Mem. 4.

The undersigned agrees with Plaintiff. Defendant would have the court look only to one paragraph of Plaintiff's 42-paragraph Complaint and find she has not plausibly pleaded gender-discrimination. Considering Plaintiff's Complaint as a whole, however, a gender-discrimination claim

is plausible. At bottom, Plaintiff's Complaint gives Defendant "fair notice of what the claim is and the grounds upon which it rests." *Coleman,* 626 F.3d at 190. The *Reardon* case cited by Defendant does not require a different result. In that case, a plaintiff filed a claim under the Americans with Disabilities Act ("ADA") and Title VII. Her Title VII gender discrimination claim was dismissed as insufficiently pleaded because it rested on her "inconsistent and unclear" allegations concerning whether she needed an accommodation. *Reardon*, 2014 WL 2612496, at *9.

Here, Plaintiff's Complaint includes sufficient allegations that she was treated differently from male employees, including her allegation that, upon her termination, she was replaced by a younger male employee. Dismissal at the pleadings stage is inappropriate.

Defendant also argues Plaintiff's gender discrimination claim is insufficient because it lacks sufficient details regarding male comparators who allegedly were treated differently from Plaintiff. Def. Mem. 5-6. However, as Plaintiff correctly points out, details regarding would-be comparators is not necessarily required when, as here, Plaintiff has alleged her position was filed by someone outside her protected class. *Ellis*, 2017 WL 4349212, at *9; *see* Compl. ¶ 41 (alleging Plaintiff was replaced by a younger, male employee). Defendant's citation of *Kelly v. QVC*, No. 5:17-CV-2858-RBH-KDW, 2018 WL 4560571, at *8 (D.S.C. May 7, 2018), *report and recommendation adopted,* No. 4:17-CV-02858-RBH, 2018 WL 3322970 (D.S.C. July 6, 2018), is unavailing. While *Kelly* was dismissed because the plaintiff was unable to adequate information about would-be comparators, the court specifically noted that "a Title VII plaintiff '[is] not required as a matter of law to point to a similarly situated comparator in order to prevail on a discrimination claim.'" *Kelly v. QVC*, No. 5:17-CV-2858-RBH-KDW, 2018 WL 4560571, at *7 n.9 (quoting *Hurst v. D.C.*, 681 F. App'x 186, 191 n.5 (4th Cir. 2017) (citing *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003)). In *Kelly*, however, dismissal was appropriate

because Plaintiff's claims were based only on comparators. There was no allegation that he was replaced by someone outside of his protected class.

Plaintiff has plausibly pleaded her cause of action for gender discrimination.

III. Conclusion and Recommendation

For the reasons set forth herein, it is recommended that Defendant's Partial Motion to Dismiss, ECF No. 7, should be *denied*.

IT IS SO RECOMMENDED.

March 26, 2019
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**